## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PRAETORIAN INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No. 1:15-cv-1264-ODE |
| APD SOLUTIONS, LLC | |
| Defendants. | |

## PRAETORIAN INSURANCE COMPANY'S
## BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Praetorian Insurance Company ("Praetorian") files this Brief in Support of its Motion for Summary Judgment, showing the Court as follows:

## I.   INTRODUCTION

In this insurance coverage action, Praetorian seeks a declaratory judgment that coverage is unavailable to APD Solutions, LLC ("APD Solutions") for a known fire loss that occurred before APD Solutions paid the premium for its insurance policy and the coverage was bound. APD Solutions' attempt to shift the payment responsibility for the fire loss to Praetorian must fail as a matter of law.

APD Solutions managed the development of property located at 340 Holly Street in Atlanta, Georgia (the "Property") for the City of Atlanta as part of an

urban rehabilitation program.  The Property was uninsured from January 2014 until July 17, 2014, even though an insurance quote was issued to APD Solutions in April 2014 for the Property, and its insurance agent consistently asked it to submit its premium payment and signed application.

Shortly after midnight on July 17, 2014—before the Praetorian policy was bound—a fire occurred at the Property.  APD Solutions was aware, as early as 10:23 a.m., that the Property incurred fire damage.  Three hours later at 1:14 p.m., APD Solutions emailed a copy of its premium payment check to its insurance agent, Sutter, McLellan, and Gilbreath ("Sutter").  At no point on July 17, 2014, did APD Solutions notify Sutter or Praetorian of the fire loss.

After APD Solutions emailed a copy of the premium payment check to Sutter, coverage was bound, and a binder was issued.  Again without mentioning the fire, APD Solutions asked if coverage could be bound as of the date of the premium payment check, July 15, 2014[1]; however, Sutter responded that coverage could only be bound as of the date payment was received, or July 17, 2014.  APD Solutions did not notify Praetorian or Sutter of the fire at any point during this email exchange.  Without knowledge of the fire loss, Praetorian issued builders

---

[1] APD Solutions claims that it fortuitously issued and mailed a check for the premium payment on July 15, 2014, but Sutter never received a copy of the check by mail.  Further, Sutter was clear that it would only bind coverage after payment was received, which was by email on the afternoon of July 17, 2014.

risk policy no. P0033IM103490-00 (the "Policy"), providing certain coverage to APD Solutions, subject to the Policy's terms, conditions, limitations, and exclusions, for the Policy period of July 17, 2014, through July 17, 2015.  APD Solutions first notified its agent that the Property sustained fire damage four days later, on July 21, 2014.

APD Solutions did not tender, and Sutter did not receive, APD Solutions' premium payment until after APD Solutions learned of the fire at the Property.  Further, when it made this payment, it failed to notify Praetorian of the fire loss, and instead, waited an additional four days before notifying its agent.  In short, APD Solutions attempted to avoid purchasing fire insurance until a fire had occurred, and after learning of the fire, immediately sought to bind coverage.

This attempt to shift responsibility for the fire loss must fail as a matter of law, as a basic tenet of insurance law is that insurance coverage is only available for contingent and unknown losses, not for losses that an insured knows about, yet fails to disclose to its insurer.  Additionally, APD Solutions' willful concealment of the fire loss before coverage was bound violates the Misrepresentation, Concealment, and Fraud provision of the Policy, precluding coverage for the fire damage at the Property.

## II.    RELEVANT FACTS

APD Solutions seeks coverage for a known loss occurring before it paid the Policy's premium and coverage was bound. Because APD solutions concealed a known loss, the Policy is void and coverage is precluded. The pertinent facts are discussed below.

### A.    APD Solutions and the Property

APD Solutions[2] describes itself as a community economic development company, which: (1) advises local governments as to urban planning; (2) develops properties; and (3) manages development projects for local governments. Examination under Oath ("EUO") of Vaughn Irons and Donna Tyler at 11:18-13:20, a true and correct copy attached as Exhibit "A." With respect to its project management program, APD Solutions assists local governments in managing programs funded by the federal government. *Id.* at 11:18-25.

Here, the City of Atlanta retained APD Solutions to build, develop, and thereafter, manage several properties with federal neighborhood stabilization funds. *Id.* at 16:25-17:15; 20:3-21:17. One of these properties was an abandoned twelve-unit apartment building located at 340 Holly Street in Atlanta, Georgia (the

---

[2] For the avoidance of any doubt, diversity jurisdiction exists here. At the time the Complaint was filed, Praetorian was incorporated in Pennsylvania and its principal place of business was in New York. APD Solutions' only member, Vaughn Irons, is a citizen of Georgia. *See* Verified Interrogatory Responses ¶ 17, a true and correct copy attached as Exhibit "Q."

"Property").  *Id*. at 16:25-17:15; 18:20-19:21.  The purchase and development of the Property was funded by a "soft loan" from the City of Atlanta.  *Id*. at 19:25-21:17.  As a "soft loan," APD Solutions only has to pay back the loan if the Property is non-operational, i.e. development stops or the property is not being leased to residents.  *Id*.  APD Solutions Fulton, a subsidiary of APD Solutions, purchased the property on October 10, 2012, with funds from the soft loan.  *Id.* at 17:24-18:3; 21:23-22:4.

### B.    Prior Coverage

APD Solutions purchased insurance for the properties it was developing through its retail insurance agent, Sutter.  Ex. A at 30:9-18; Aff. of Laura Fowler ¶ 3, a true and correct copy attached as Exhibit "B."  Here, the Property was insured by Great American Assurance Company from October 10, 2013, to January 10, 2014.  Compl. ¶ 11; Answer ¶ 11.  Thereafter, the Property was uninsured until coverage was bound under the Policy at issue, on the afternoon of July 17, 2014.  Compl. ¶ 12; Answer ¶ 12.

While the Property was uninsured, APD Solutions completed several applications for insurance that were dated March 20, 2014; however, these applications were not signed until June 18, 2014.  Applications, true and correct copies attached as Exhibit "C;" Compl. ¶ 13; Answer ¶ 13.  One of those

applications asked APD Solutions to describe its loss history.  Ex. C; Compl. ¶ 15; Answer ¶ 15.  APD Solutions did not list any losses in response to this question. Ex. C; Compl. ¶ 16; Answer ¶ 16.

A quote for Builders Risk Coverage was issued to APD Solutions on April 1, 2014.  Quote, a true and correct copy attached as Exhibit "D."  On June 20, 2014, Laura N. Fowler, an account manager at Sutter, sent Donna Tyler, a senior vice president at APD Solutions, a high importance email regarding the Property, indicating that "the policy is ready to be issued" and that "all we need is the attached application signed where indicated and the payment of $2,804.00."  Email communications between Ms. Fowler and Ms. Tyler dated June 20, 2014, and July 22, 2014, a true and correct copy attached as Exhibit "E."  Despite Ms. Fowler's request, a copy of APD Solutions' premium payment was not emailed until July 17, 2014, and the application was not returned until July 22, 2014.  Ex. E; Ex. B ¶¶ 6, 8.

### C.      The Fire

On July 17, 2014, the Property incurred fire damage at or around 12:45 a.m. Fire Department Report, a true and correct copy attached as Exhibit "F."  At 8:07 a.m., Ms. Tyler sent an email to her field representative inspector, Jade Wiles, which stated as follows:

> Jade per text this am, please confirm asap if a fire has occurred at 340 Holly St.  I tried search online, but property address is not listed for fire in vacant nw atlanta apt.  The picture online channel 46 news looks like our building, but not sure?
>
> I will also search to confirm the property insurance is paid and active.

Email communications between Mr. Wiles and Ms. Tyler dated July 17, 2014, a true and correct copy attached as Exhibit "G."  Mr. Wiles responded via email at 10:23 a.m., confirming to Ms. Tyler that the fire occurred at the Property and sending twenty-five (25) photos of the fire damage.  Ex. G.

After this email exchange showing that Ms. Tyler was aware of the fire at the Property, APD Solutions emailed Ms. Fowler at 1:14 p.m. asking if the Property was covered by insurance.  Email chain from Ms. Caldwell to Ms. Fowler dated July 17, 2014, true and correct copies attached as Exhibit "H;" Ex. B ¶ 6. To this, Ms. Fowler answered that only general liability coverage was active.  *Id.* For the first time at 1:41 p.m. on July 17, 2014, APD Solutions emailed a copy of the premium payment check for the Builders Risk Policy to Sutter.  *Id*.; Ex. B ¶¶ 6-8; Email communications from Ms. Fowler to Greg Vissering, a true and correct copy attached as Exhibit "I;" Email communications from Ms.  Fowler to Theresa Bowder, a true and correct copy attached as Exhibit "J."  Although APD Solutions claimed that the premium check was also mailed, Sutter never received a copy of

the check by mail.  Ex. B ¶ 7; Email chain between Ms. Fowler and Ms. Caldwell dated July 17, 2014, a true and correct copy attached as Exhibit "K."

Once Sutter received this email with a copy of the premium payment check, coverage was bound under the Policy.  Binder, a true and correct copy attached as Exhibit "L;" Ex. I.  A binder was issued to APD Solutions, which indicated that coverage was bound on July 17, 2014.  Email from Ms. Fowler to Donna Tyler, a true and correct copy attached as Exhibit "M;" Ex. B ¶ 6.

After receiving the binder, an APD Solutions' representative asked if coverage could be bound as of July 15, 2014, the date of the check.  Email communications between Ms. Caldwell and Ms. Fowler dated July 17, 2014, true and correct copies attached as Exhibit "N;" Ex. B ¶ 8.  Ms. Fowler responded, explaining that coverage could only be bound as of the date the premium payment was received, which was by email on July 17, 2014.  *Id*.; Exs. B ¶¶ 5-8; K.  Ms. Tyler was copied on each of these emails.  Exs. H, K, M, N.

For the Court's convenience, Praetorian summarizes the timeline below:

| Date / Time | Action | Exhibit |
|---|---|---|
| July 17, 2014 / 12:45 a.m. | Fire Department arrives at the Property | Ex. F |
| July 17, 2014 / 8:07 a.m. | Email from APD Solutions to Mr. Wiles seeking confirmation of fire loss at the Property | Ex. G |

| July 17, 2014 / 10:23 a.m. | Email from APD Solutions to Ms. Tyler confirming fire loss at the Property | Ex. G |
|---|---|---|
| July 17, 2014 / 1:14 p.m. | Email from APD Solutions to Sutter asking if coverage was available at the Property | Ex. H |
| July 17, 2014 / 1:41 p.m. | Email from APD Solutions to Sutter attaching premium check | Ex. H |
| July 17, 2014 / 3:59 p.m. | Email from Sutter to APD Solutions attaching binder | Ex. M |
| July 17, 2014 / 4:03 p.m. | Email from APD Solutions to Sutter asking if coverage could be bound as of July 15, 2014 | Ex. N |
| July 17, 2014 / 4:11 p.m. | Email from Sutter to APD Solutions indicating that coverage would be bound as of July 17, 2014 | Ex. N |
| July 21, 2014 / 4:31 p.m. | Email from APD Solutions to Sutter notifying it of the fire | Ex. P |

**D.    The Policy**

The Policy issued to APD Solutions, policy no. P0033IM103490-00, provided builders' risk coverage for the Property, subject to its terms, provisions, conditions, and exclusions.  Policy, a true and correct copy attached as Exhibit "O."  As part of those provisions, the Policy states that it is void if the insured willfully misrepresents or conceals a material fact.  Policy at IM 7050 08 12, pg. 18 of 21.  Specifically, it provides:

**OTHER CONDITIONS**

5.    Misrepresentation, Concealment, or Fraud – This coverage is void as to "you" and any other insured if, before or after a loss:

      a.    "You" or any other insured have willfully concealed or misrepresented;

          1)    A material fact or circumstances that relates to this insurance or the subject thereof; or

          2)    "your" interest herein.

      b.    There has been fraud or false swearing by "you" or any other insured with regard to a matter that relates to this insurance or the subject thereof.

Policy at IM 7050 08 12, pg. 18 of 21.

**E.    Loss Notification**

Ms. Tyler knew about the file as early as 10:23 a.m. on July 17, 2014; however, she did not notify Sutter about the fire until July 21, 2014.  Email from Ms. Tyler to Ms. Fowler dated July 21, 2014, a true and correct copy attached as Exhibit "P;" Ex. B ¶ 10.  This is true even though she was copied on each of the emails exchanged with Sutter on July 17, 2014, while the Policy was being bound.  Exs. H, K, M, N.

Because APD Solutions did not pay the Policy premium until after the fire, Praetorian filed this declaratory judgment to determine its rights and duties under the Policy.

## III.    Summary Judgment Standard

Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Bartholomew v. AGL Res., Inc.,* 361 F.3d 1333, 1337 (11th Cir. 2004). The evidence is viewed in the light most favorable to the non-moving party. *Id.; see also Boim v. Fulton Cnty. Sch. Dist.,* 494 F.3d 978, 982 (11th Cir. 2007). To determine whether there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, the Court may examine "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

Here, there is no question of material fact that: (1) Praetorian received APD Solutions' emailed copy of its premium payment after the fire occurred in early morning hours on July 17, 2014; and (2) Praetorian knew about the fire before it emailed the premium payment to Sutter. Under these circumstances, coverage is unavailable for the fire and Praetorian is entitled to summary judgment.

## IV.     Argument and Citation to Authority

APD Solutions seeks coverage for a known loss that occurred before it paid the Policy premium and coverage was bound.  Coverage is unavailable because: (1) of the known loss doctrine; and (2) APD Solutions willfully concealed a material fact, violating the Policy's terms.

### A.     Coverage is Unavailable for the Known Fire Loss

APD Solutions seeks coverage for a loss that occurred before it paid its Policy premium and coverage was bound.  Because APD Solutions cannot insure a known loss, coverage is unavailable.  It is a basic tenet of insurance law that insurance covers only unknown losses, not losses that an insured is aware of but does not disclose to the insurer.  Indeed, "[a] prominent aspect of the rule that a loss must occur within the time period to which the policy applies in order for the insured to recover is the principle that losses which exist at the time of the insuring agreement…are not proper subjects of insurance.  Couch on Insurance 3d § 102:9 (2015).

Georgia has not had to address whether an insured may obtain coverage when it learns of loss prior to binding the policy, but fails to advise the insurer. There is no reason, however, to believe that Georgia will deviate from the well-established rule that coverage is unavailable for a known loss.  In fact, in other

situations, Georgia courts have noted that "if the loss shall have already occurred, and both parties shall be ignorant of it, the contract is valid; but the slightest grounds of suspicion known to the insured shall vitiate the contract unless made known to the insurer." *Forrester v. State Farm Mut. Ins.*, 97 Ga. App. 618, 622 (1958).

Numerous other courts have upheld the well-accepted insurance principal that "a party may not insure against a loss that he knows has already occurred and that he fails to disclose to the insurer.*" Nourachi v. First Amer. Title Ins. Co*., 44 So.3d 602, 607 (D.C.A Fla. 2010) ("Our decision is also consistent with the general principle that a party may not insure against a loss that he knows has already occurred and that he fails to disclose to the insurer."); *Outboard Marine Corp. v. Liberty Mut. Ins. Co*., 607 N.E.2d 1204, 1210 (Ill. 1992) ("By its very nature, insurance is fundamentally based on contingent risks which may or may not occur."); *Matter of Celotex Corp*., 196 B.R. 973 (M.D. Fla. 1996) ("The known loss doctrine is a defense raised to bar coverage for losses the insured knows of at the time the insurance is purchased."); *Certain Underwriters at Lloyd's Subscribing to Policy No. WDO-10000 v. KKM Inc.*, 215 S.W.3d 486 (Tex. Ct. App. 2006 – Corpus Christi) ("Generally, fortuity is an inherent requirement of all risk insurance policies."). For this reason, courts generally find that coverage is

13

unavailable for known losses that occur before an insured enters into the insurance contract. *Warrantech Corp v. Steadfast Ins. Co.*, 210 S.W.3d 760, 766 (Tex. Ct. App. 2006 – Fort Worth) ("insurance is designed to protect against unknown, fortuitous risks, and fortuity is a requirement of all policies of insurance"); *Johnson Press of Am., Inc. v. Northern Ins. Co. of New York Eyeglasses*, 791 N.E.2d 1291, 1298 (Ill. App. 2003).

In *Johnson Press of America, Inc*., for instance, an Illinois court held that coverage was unavailable under an all risk insurance policy for a roof collapse. *Id*. At the time coverage was bound in that case, portions of the roof were missing, fungus was growing on the roof beams, and there were severe water stain marks on the roof beams and columns. *Id*. The court held that "the dilapidated condition of the building demonstrates that the collapse of the building did not happen by chance . . . [I]t was expected." *Id*. at 1299. Because the "plaintiff failed to establish a *prima facie* case that the loss was due to a fortuitous event, the insurer is not liable." *Id*.

Similarly, in *Mass. Bonding & Ins. Co. v. Hoxie,* a Florida court precluded coverage for a known loss. *Mass. Bonding & Ins. Co. v. Hoxie,* 176 So. 480 (Fla. 1937). There, an insured plaintiff had permitted two insurance policies to expire. *Id.* at 481. Two months after the policies expired, a patron was injured on the

14

insured's premises by a falling light fixture. *Id*. Just a few hours after the insured learned of the incident, it paid the policy premium for a liability policy, without advising the insurer of the incident. *Id*. Because the policy was obtained by fraud, the Florida court held that coverage was unavailable. *Id*. In so holding, it reasoned that "if the insured intentionally conceals facts which are material, he is guilty of a fraud which may void the contract." *Id*.

So too here, APD Solutions emailed its agent, Sutter, a copy of its premium payment just hours <u>after</u> learning of the fire loss, without providing notice of the loss to Praetorian or Sutter. This is true even though: (1) the previous policy expired in January 2014, over six months before; (2) a quote was issued to APD Solutions in April 2014, three months earlier; and (3) Ms. Fowler at Sutter emailed Ms. Tyler about submitting an application in June 2014. Exs. D, E. Rather than paying its premium payment in April when the quote was issued or in June when Ms. Fowler asked for the payment, APD Solutions waited until after it learned of the fire to submit its premium payment. Exs. B ¶¶ 5-9; G; H.

It is undisputed that APD Solutions had actual knowledge of the fire before Sutter received APD Solutions' premium payment. Exs. B ¶ 6-8; G; H. Despite APD Solutions' actual knowledge of the fire loss, it, like the insured in *Mass. Bonding & Ins. Co.*, failed to notify the insurer when it emailed its premium

payment to its agent.  *Mass. Bonding & Ins. Co.,* 176 So. At 481.  Therefore, like the insured in that case, APD Solution "intentionally concealed facts which are material," and coverage is likewise unavailable under the Policy here.  *Mass. Bonding & Ins. Co.,* 176 So. At 481.

In sum, APD Solutions knew about the fire before it paid the Policy's insurance premium, and before coverage was bound.  Because a fundamental principle of insurance is that it guards against unknown losses, not losses already known to an insured yet not disclosed to its insurer, coverage is precluded for the fire loss to the Property.  There are no genuine issues of material fact regarding the timing of the fire, the timing of APD Solutions' email conveying a copy of its premium check to its agent, which was the first time it received APD Solutions' premium payment, and APD Solutions' knowledge of the fire prior to the Policy being bound.  As such, Praetorian is entitled to summary judgment.

## B. APD Solutions Violated the Concealment, Fraud, and Misrepresentation Provision Precluding Coverage

By failing to notify Praetorian of the prior fire loss before it paid its premium, APD Solutions violated the Concealment, Fraud and Misrepresentation provision of the Policy.  For this reason, the Policy is void and coverage for the fire damage to the Property is unavailable.

By its very terms, the Policy is void if the insured willfully conceals a material fact.  The Policy provides:

### OTHER CONDITIONS

5.     Misrepresentation, Concealment, or Fraud – This coverage is void as to "you" and any other insured if, before or after a loss:

    c.     "You" or any other insured have willfully concealed or misrepresented;

        3)     A material fact or circumstances that relates to this insurance or the subject thereof; or

        4)     "your" interest herein.

    d.     There has been fraud or false swearing by "you" or any other insured with regard to a matter that relates to this insurance or the subject thereof.

Policy at IM 7050 08 12, pg. 18 of 21.

Under a misrepresentation clause, "a willful and intentional misrepresentation of material facts made for the purpose of defrauding the insurer will void the contract."  *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1443 (11th Cir. 1984); *see also American Alliance Ins. Co. v. Pyle*, 62 Ga. App. 156, 8 S.E.2d 154 (1940).  Under Georgia law, a misrepresentation is material in an application for insurance if it "would influence action of a prudent insurer in determining whether to accept risk and what premium to charge."  *Commercial Cas. Ins. Co. v. Jeffers Eyeglasses*, 24 S.E.2d 815 (Ga. Ct. App. 1943).  Although

materiality is a mixed question of law and fact, a court can rule that a misrepresentation is material as a matter of law if "reasonable minds could not differ on the question." *Assurance Co. of Am. v. Defoor Station, LLC,* No. 1:09–CV–3198, 2011 WL 5598900 at *5 (N.D. Ga. 2011).

In *Defoor Station*, for example, the court granted summary judgment to an insurer voiding a policy of insurance after an insured misrepresented the extent of its loss. 2011 WL 5598900. In that case, the insured's public adjuster included in its estimate of the loss the replacement costs of exterior HVAC units that were allegedly stolen from the insured property. *Id.* at *4. Yet, three different real estate appraisals showed that there were no exterior HVAC units at the Property at the time of loss. *Id.* In voiding the Policy, the court noted that "by misrepresenting the existence of the exterior HVAC units, and claiming those units were stolen, the Defendants misrepresented the amount of loss." Id. at *5. The court determined that the misrepresentation was material as a matter of law and granted summary judgment to the insurer.

Here, it is undisputed that APD Solutions learned of the fire loss before emailing its premium payment to Sutter. On that same day, it exchanged at least five emails with Sutter; however, it did not mention the fire in any of that correspondence. Instead, it sought to procure insurance coverage without

mentioning the very material fact that the Property had, that very morning, sustained a fire loss.  This willful concealment certainly was material to Praetorian's acceptance of the risk.  Had Praetorian known of the prior fire, it would not have issued the Policy.  Thus, the Policy is void and coverage is unavailable, and as such, summary judgment in Praetorian's favor is warranted.

## V.      CONCLUSION

Because there is no genuine issue of material fact regarding whether the fire occurred before APD Solutions emailed its agent a copy of its premium payment, resulting in coverage being bound, coverage for the fire loss is precluded under the known loss doctrine and the Policy is void.  Accordingly, Praetorian is entitled to summary judgment.

This 8th day of March, 2016.


FIELDS HOWELL LLP

1180 W. Peachtree, Suite 1600
Atlanta, Georgia 30309
Telephone: 404.214.1250
Facsimile: 404.214.1251
pfields@fieldshowell.com
akirk@fieldshowell.com
cmccaffrey@fieldshowell.com

*/s/ Paul L. Fields*

Paul L. Fields, Jr.
Georgia Bar No.: 003420
Ann T. Kirk
Georgia Bar No.: 101047
Colleen V. McCaffrey
Georgia Bar. No.: 463183

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| PRAETORIAN INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | CASE NO.: 1:15-cv-1264-ODE |
| APD SOLUTIONS, LLC, | |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading was prepared using Times New Roman, 14-point, and otherwise conforms to the requirements of Local Rule 5.1.

This 8th day of March, 2016.

FIELDS HOWELL LLP
1180 W. Peachtree, Suite 1600
Atlanta, Georgia 30309
Telephone: 404.214.1250
Facsimile: 404.214.1251
pfields@fieldshowell.com
akirk@fieldshowell.com
cmccaffrey@fieldshowell.com

*/s/ Paul L. Fields*
Paul L. Fields, Jr.
Georgia Bar No.: 003420
Ann T. Kirk
Georgia Bar No.: 101047
Colleen V. McCaffrey
Georgia Bar. No.: 463183

*Counsel for Plaintiff*

20

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PRAETORIAN INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>v.<br><br>APD SOLUTIONS, LLC<br><br>       Defendants. | Case No. 1:15-cv-1264-ODE |

## CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing PRAETORIAN INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT upon the following counsel of record via CM/ECF filing system to:

Michelle Williams
Dukes Williams, LLC
P.O. Box 91647
Atlanta, GA 30364

This 8th day of March, 2016.

**FIELDS HOWELL LLP**
1180 W. Peachtree, Suite 1600
Atlanta, Georgia 30309
Telephone: 404.214.1250
Facsimile: 404.214.1251
pfields@fieldshowell.com

*/s/ Paul L. Fields*
Paul L. Fields, Jr.
Georgia Bar No.: 003420

*Counsel for Plaintiff*